### Petition of SCHEFFLER.
### No. 390/37404.

District Court, D. Connecticut.
July 1, 1943.

Dominic T. Longo, U. S. Naturalization Examiner, of Hartford, Conn., for denial of petition.

SMITH, District Judge.

### Findings of Fact.

1. Petition was filed in this case on May 8, 1943, by Emil Heinrich Scheffler on behalf of his son, Gunter Scheffler, for naturalization.

2. Gunter Scheffler will become 18 years of age on June 30, 1943.

3. Emil Heinrich Scheffler became a citizen of the United States by naturalization at New Britain, Connecticut, April 21, 1941.

4. Prior to April 1938, Emil Heinrich Scheffler resided with his wife Maria Scheffler, and their three children, Lieselotte, Gunter, and Waltraud.

5. On or about the 25th of April, 1938, Emil Heinrich Scheffler left his wife and family without just cause and has since resided continuously elsewhere.

6. Emil Heinrich Scheffler has contributed small amounts toward the support of the children irregularly since he left the household in April 1938.

7. He has contributed nothing toward the support of the child Gunter since October 1942.

8. At no time since April 1938 has Emil Heinrich Scheffler contributed a sufficient sum for the support of the family without dependence on additional help from the welfare agencies of New Britain.

9. Emil Heinrich Scheffler filed suit for divorce in October 1942. The action was unsuccessful.

### Conclusions of Law.

1. The child Gunter Scheffler was not residing with the petitioner Emil Heinrich Scheffler on the date of the petition in this case, May 8, 1943, or at any time subsequent thereto.

2. The child Gunter Scheffler is not eligible for naturalization on the petition filed in this case by Emil Heinrich Scheffler without a Declaration of Intention.

3. The motion to deny the petition should be granted.

### Discussion.

This petition was filed under Section 315 of the Nationality Code, Title 8 U.S.C.A. § 715. The petitioner in this case, father of the child whose naturalization is sought, had deserted his wife and family more than four and one-half years before filing the petition in this case. At no time during this period had the child actually resided under the same roof as the citizen parent, petitioner. While the citizen parent had made contributions toward the support of the household during this period, he

had no residence or domicile in the household at or before the date of the filing of the petition in this case. He had specifically discontinued any contribution toward the support of the child Gunter upon learning of Gunter's employment. The child in this case is residing permanently with the alien parent, the citizen parent having resided in fact for some years elsewhere, and having no intention of resuming residence with the alien parent or child.

Under these circumstances, the requirement of permanent residence in this country with the citizen parent is not met. Since such residence is made a prerequisite to the waiver by the Act of the ordinary requirement of a Declaration of Intention, the petition filed in this case must be denied.